O’Nealu, J.
delivered the opinion of the Court.
In this case no doubt is entertained by the Court that the execution issued by the magistrate is void. For it is neither warranted by his judgment against Jabez G. Brown, guardian of Miss Owens, nor by the party summoned to appear before him. The judgment against Brown, guardian, is no more *5 than a judgment against him without the addition. . For that is only a descriptio personce. No judgment against him, as guardian, can have the effect to charge either the person or estate of Miss Owens. She could be made'amenable to the magistrate’s power and judgment alone by summons; and then she only could be charged after appearance and defence, by guardian, inasmuch as she was an infant. The debt in suit before the magistrate, was not her debt — it was the debt of her guardian. It is true, it was for blacksmith work done for her plantation. Still that was done while under the management of Brown. He was responsible to every one contracting with him — and not the estate of his ward. Against and with it, he was to account. It was his duty to pay Sauls’ debt, and then submit it, as a charge against his ward, in his accounts — and if proper,, it would be allowed — other-tvise, rejected. To show, that the execution against Miss Chvens was void, it is only necessary to say, that a magis-ti ate has no jurisdiction over the person of any one who is not summoned before him. Miss Owens not being summoned, the execution is void, for want of jurisdiction. As authority, I will only refer to what is said by Cb. J. Spencer, in Bigelow v. Stearnes, 19 J. 40. In that case he says, with great propriety, “ If a Court of limited jurisdiction issues a process Avhich is illegal, and not merely erroneous, or if a Court, whether of limited jurisdiction or not, undertakes to hold cognisance of a cause without having gained jurisdiction of the person by having him before them, in the manner required by laAV, the proceedings are void: and in the case of a limited or special jurisdiction, the magistrate attempting to enforce a proceeding founded on any judgment, sentence .or conviction, in such a case, becomes a trespasser.” In another part, he asks a self-evident and self-answering question. “ Take,” says he, “ the case of a person convicted by a justice of the peace, Avho never had been summoned, and Avho never appeared before him: Avould it admit of a doubt, that this fact might be shown, and if proved, that the whole proceeding Avould be coram non judice and void ?” This is enough to shotv that the execution is void, and if it had been levied, as the magistrate intended, he would have been guilty of a trespass. But the proof shoAvs that it Avas levied by the .constable, on the goods of the husband. For on the delivery of the plantation to the plaintiff, he picked out and had packed the bale of cotton in dispute, at a neighboring gin. The cotton was therefore his, in every sense of property. The levy of an execution against Miss Owens on the bale of cotton was clearly without warrant or excuse, and the constable *6 Matthews is plainly a trespasser. He, although the most innocent of all concerned, must pay the penalty. The Court is divided as to the liability of the magistrate for this act, and as the liability of the constable will be enough for the plaintiff, it is thought best to .give him leave to strike out the name of Thomas Addison from his record, and to retain his decree against E. Matthews. The motion, with this qualification, is dismissed.
Richardson, J. Evans, J. Wardlaw, J. Frost, J. and Withers, J. concurred.

Motion dismissed.